

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
### BUTTE DIVISION

WILLIAM LEE GRANT II

PLAINTIFF

901 WYTHE ROAD
SPRINGFIELD, ILLINOIS 62702

versus

# DONALD HENRY RUMSFELD
## DEFENDANT
333 WEST WACKER DRIVE
SUITE 830
CHICAGO, ILLINOIS 60606

**\* DONALD HENRY RUMSFELD IS A RESIDENT OF MADISON COUNTY, MONTANA.**

## ACTIONS OF REAGAN'S CHIEF OF STAFF (AORCOS) COMPLAINT

1) THE DISTRICT OF MONTANA HAS SUBJECT-MATTER JURISDICTION PURSUANT TO:

18 USC 1595 – Peonage, Slavery, and Human Trafficking;

28 USC 1343 – Civil Rights and Elective Franchise;

42 USC 1985(2) – Obstructing Justice;

42 USC 1985(3) – Depriving Persons of Rights or Privileges;

28 USC 1331 – Federal Question; and

28 USC 1652 – State Laws as Rules of Decisions

28 USC 1391(b)(1) – VENUE

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# BUTTE DIVISION

WILLIAM LEE GRANT II
PLAINTIFF

v. DONALD HENRY RUMSFELD
DEFENDANT.
333 WEST WACKER DRIVE, SUITE 830
CHICAGO, ILLINOIS 60606

## COMPLAINT

ACTIONS OF REAGAN'S CHIEF OF STAFF (AORCOS) COMPLAINT

(1) MR. GRANT HAS A CLAIM AGAINST JAMES A. BAKER III, WILLIAM PELHAM BARR, SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE, AND DONALD J. TRUMP PURSUANT TO:

Civil Conspiracy
*See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

Retaliatory discharge
*See* Taylor v. Board of Education of Chicago, 2014 IL App. (1st) 123744

Abuse of process
*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

Unlawful restraint
*See* Florida v. Bostick, 501 U.S. 429 (1991).

False imprisonment
*See* Heck v. Humphrey, 512 U.S. 477, 484

Predator Protection Act
*See* 740 ILCS 128/20

Invasion of Privacy
*See* Green v. Chicago Tribune Co., 675 N.E. 2d 249 (Ill. Ct. App. 1996)

Fraud
*See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

Negligent Entrustment

*See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

Authorized Assault
*See* Meerbrey v. Marshal Field & Co., 139 Ill. 2d 455 (1990).

*See* Heskett v. Fisher Laundry & Cleaners Co., 230 S.W. 2d 28 (Ark. 1950).

Intimidation (720 ILCS 5/12-6(a)(1)

"Savings Statute" (735 ILCS 5/13-217)

*See* Adock v. Brakegate, Ltd., 645 N.E.
2d. 888 (1994)

2)  Equitable Tolling is applicable:

    a)  Mr. Grant was under the threat of military force to not begin his lawsuit until May
        of 2016;

        *See* Ralda-Sanden v. Sanden, 2013 IL App. (1st) 121117;

        *See* Atwater v. Atwater , 18 Ill. App. 3d 202 (1974).

        *See* Slavis v. Slavis, 12 Ill. App. 3d 467 (1973).

    b)  the Illinois Central District Clerk of Court was directed by Six Known Members
        of the U.S. Department of Defense not enter default (Fed. R. Civ. P. 55(a) against
        the U.S. Department of Justice and State of Illinois in 16-cv-3245, 17-cv-3261,
        and 19-cv-3001;

        *See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

    c)  Illinois Central District Judges: Colin S. Bruce (16-cv-3245 and 17-cv-3261) and
        Joe Billy McDade (19-cv-3001) dismissed Mr. Grant's lawsuits in the Illinois
        Central District at the direction of Six Known Members of the U.S. Department of
        Defense; and

        *See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

    d)  Seventh Judicial Circuit of Illinois Judge Brian T. Otwell dismissed Mr. Grant's
        lawsuit (17-MR-754) at the direction of Gregory K. Harris.

        *See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

3)  Equitable Tolling is applicable under the Continuing Violations Doctrine:

    a)  James A. Baker III, President George H.W. Bush's Secretary of the U.S.
        Department of State and White House Chief of Staff;

    b)  William Pelham Barr, President George H.W. Bush's Attorney General of the
        United States;

    c)  Six Known Members of the U.S. Department of Defense;

    d)  Gregory K. Harris, agent of Six Known Members of the U.S. Department of
        Defense, and Assistant U.S. Attorney for the Illinois Central District;

e) officials and employees of the State of Illinois have:

f) engaged in a thirty (30) year conspiracy of tortious activity towards Mr. Grant beginning in 1990;

g) Ryan Croke, Deputy Chief of Staff and Chief of Staff to Illinois Governor Patrick J. Quinn joined the conspiracy against Mr. Grant beginning in 2010; and

h) Patrick J. Quinn, Governor of Illinois from 2009 until 2015 joined the conspiracy against Mr. Grant beginning in 2014.

*See* Field v. First Nat. Bank of Harrisburg, 619 N.E. 2d 1296 (Ill. App. Ct. 1993).

*See* Feltmeier v. Feltmeier, 798 N.E. 2d 75 (Ill. 2003).

*See* Pinkerton v. United States, 328 U.S. 640 (1946).

## SAVINGS STATUTE - 735 ILCS 5/13-217

4) Mr. Grant began his lawsuit in May of 2016 in the Illinois Central District. Mr. Grant's complaint is not time barred pursuant to 735 ILCS 5/13-217 ("Savings Statute").

a) Illinois Central District Judge Colin S. Bruce (16-cv-3132) dismissed Mr. Grant's complaint declaring Mr. Grant filed his lawsuit in the wrong court in 2016;

b) Illinois Central District Judge Colin S. Bruce declared in 16-cv-3245 the court lacked in personam jurisdiction;

c) The Illinois Court of Claims (18cc0946 and 18cc1057) dismissed Mr. Grant's complaints based on jurisdiction in 2018;

d) District of Nebraska Judge Richard G. Kopf (18-cv-246, 18-cv-247, and 19-cv-559) dismissed Mr. Grant's complaint for improper venue in 2020; and.

e) Southern District of Texas Judge David S. Morales (20-mc-871) dismissed Mr. Grant's complaint for lack of jurisdiction on December 11, 2020.

5) Mr. Grant began his lawsuit in May of 2016 in the Illinois Central District (16-cv-3132). Illinois Central District Judge Colin S. Bruce (16-cv-3132) claimed Mr. filed his case in the wrong court.

## UNLAWFUL DETAINMENT STATUTE OF LIMITATIONS

6) Mr. Grant is within the statute of limitations pertaining to the claim of unlawful detainment. James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense lacked probable cause to detain Mr. Grant in Illinois. Mr. Grant is still being unlawfully detained in Illinois by Six Known Members of the U.S.

EXHIBIT
# 1

Department of Defense. The statute of limitations does not accrue until the unlawful detainment has ceased.

*See* Manuel v. Joliet, 580 U.S. (2017).

7) Mr. Grant's allegations are deemed admitted as true by the U.S. Department of Justice (DOJ) and State of Illinois' default history:

    a) the DOJ and State of Illinois defaulted in 16-cv-3245 and 17-cv-3261 in the Illinois Central District (ILCD);

    b) the DOJ defaulted and failed to appear in 19-cv-3001 in the Illinois Central District;

    c) the State of Illinois defaulted and failed to appear in 18-L-202 in the Seventh Judicial Circuit of Illinois; and

    d) default was entered against the State of Illinois in 20-cv-173 in the Eastern District of Virginia.

EVHIBIT
# 2

    *See* Eckel v Bynum, 240 Ill. App. 3d. 867.

    See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d. 1353, 1357 (S.D. Ga. 2004).

    *See* Nishimatsu Constr. Co. v. Houston Nat. Bank, 515 F. 2d. 1200, 1204 (5th Cir. 1975).

    *See* Descent . Kolitsidas, 396 F. Supp. 2d. 1315, 1316 (M.D. Fla. 2005).

8) The State of Illinois consented to being made a defendant pursuant to: 745 ILCS 5/1 (State Lawsuit Immunity Act).

9) The State of Illinois consented to suit pursuant to: 5 ILCS 430/15-25 (State Officials and Employees Ethics Act - Whistleblower Protection Act - Remedies) .

10) The State of Illinois waived sovereign immunity by consenting to 16-MR-643 being removed from the Seventh Judicial Circuit of Illinois to the Illinois Central District as 16-cv-3245 and 17-cv-3261.

11) Patrick J. Quinn, Governor of Illinois from 2009 until 2015; Ryan Croke, Illinois Governor Patrick J. Quinn's Deputy Chief of Staff and Chief of Staff from 2009 until 2015; and Illinois State Police Trooper Tyler Price are not shielded by sovereign immunity as they demonstrated wilful and wanton disregard for the law of Illinois, and

deprived Mr. Grant of his rights as a citizen of the United States under the color and authority of state law.

*See* Johnson v. Lankford, 245 U.S. 541 (1918).

*See* Scheuer v. Rhodes, 416 U.S. 232 (1974).

12) Mr. Grant has a cause of action (Count I) against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for conspiracy:

   a) thirty (30) years of unlawful detainment and unlawful restraint;

   b) assault and battery;

   c) intimidation;

   d) invasion of privacy;

   e) unlawful arrest;

   f) denial of Due Process;

   g) denial of Equal Protection of The Law; and

   h) retaliatory discharge.

13) Mr. Grant has a cause of action (Count II) against Patrick J. Quinn and Ryan Croke for conspiracy:

   a) whistleblower retaliation (5 ILCS 430/15-10);

   b) retaliatory discharge;

   c) denial of Due Process; and

   d) denial of Equal Protection under the Law

14) Mr. Grant has a cause of action (Count III) against Ryan Croke for invasion of privacy.

15) Mr. Grant has a cause of action (Count IV) against Tyler Price for conspiracy:

   a) Assault and battery;

   b) Unlawful restraint; and

   c) denial of due process and equal protection of law.

## BACKGROUND

16) James A. Baker III entered into a conspiracy with William Pelham Barr, and Six Known Members of the U.S. Department of Defense to unlawfully detain Mr. Grant in Illinois for nearly thirty (30) years under threat of military force beginning in 1992.

   a) Due Process and Equal Protection - Illinois Constitution Article I, Sect. II

   b) Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

    c) Unlawful restraint - *See* Florida v. Bostick, 501 U.S. 429 (1991); and

    d) False imprisonment - *See* Heck v. Humphrey, 512 U.S. 477, 484

17) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S.
Department of Defense entered into a conspiracy with Illinois Governor James 'Jim'
Edgar in 1992 to have the State of Illinois provide employment opportunities ("State
jobs") and tuition waivers to individuals who reported the words and actions of Mr. Grant
to Gregory K. Harris, and conspired against Mr. Grant at the direction of Gregory K.
Harris.

    a) Searches, Seizures, Privacy and Interceptions - Illinois Constitution Article I,
       Section VI;

    b) Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

18) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S.
Department of Defense trafficked Mr. Grant to Springfield, Illinois from the Pentagon in
Virginia in 1992, and left Mr. Grant with Dr. Bill Grant and Armenta Johnson to be:

    a) beaten;

    b) endure psychological warfare; and

    c) the U.S. Department of Defense's Witness to the 9/11 Terrorist Attacks
       *See* 740 ILCS 128/20 (Predator Protection Act).
       *See* Florida v. Bostick, 501 U.S. 429 (1991) - (Unlawful restraint).
       *See* Heck v. Humphrey, 512 U.S. 477, 484 (False Imprisonment).

## NEGLIGENT ENTRUSTMENT

19) William Pelham Barr, Attorney General of the United States under President George
H.W. Bush negligently entrusted Gregory K. Harris with the power and authority of the
Illinois Central District U.S. Attorney's Office and Illinois Central District Federal
Bureau of Investigation to conspire against Mr. Grant.

    See Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

## RESPONDEAT SUPERIOR

20) William Pelham Barr as a member of the conspiracy with James A. Baker III and Six
Known Members of the U.S. Department of Defense:

    a) placed Gregory K. Harris on the payroll of the Illinois Central District U.S.
Attorney's Office to illegally surveil and conspire against Mr. Grant;

    b) William Pelham Barr directed the Illinois Central District U.S. Attorney's Office
and Illinois Central District Federal Bureau of Investigation to cooperate with
Gregory K. Harris' implementation of the conspiracy masterminded by James A.
Baker III against Mr. Grant;

    c) acquired the cooperation of Illinois Governor James 'Jim' Edgar to acquire the
cooperation of officials and employees of the State of Illinois; and

    d) acquired the cooperation of Illinois Governor James 'Jim' Edgar in providing
Gregory K. Harris with jobs (State of Illinois employment opportunities) and
tuition waivers to distribute to individuals who conspired against Mr. Grant at the
direction of Gregory K. Harris.

    *See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

21) James A. Baker III, William Pelham Barr and Six Known Members of the U.S.
Department of Defense are liable for the unlawful and conspiratorial actions of Gregory
K. Harris against Mr. Grant under respondeat-superior (vicarious liability):

    a) Gregory K. Harris as an agent of Six Known Members of the U.S. Department of
Defense;

    b) Gregory K. Harris took his directions ("orders") from Six Known Members of the
U.S. Department of Defense;

    c) Gregory K. Harris was on the payroll of the Illinois Central District U.S.
Attorney's Office;

    d) Gregory K. Harris was paid through the Illinois Central District U.S. Attorney's
Office "regular" payroll;

    e) Gregory K. Harris was provided office space in the Illinois Central District U.S.
Attorney's Office by William Pelham Barr; and

f) William Pelham Barr directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to cooperate with Gregory K. Harris' unlawful endeavor;

g) William Pelham Barr, James A. Baker III, and Six Known Members of the U.S. Department of Defense acquired to cooperation of Illinois Governor James 'Jim' Edgar;

h) William Pelham Barr had the ability to terminate Gregory K. Harris' employment as Attorney General;

i) Six Known Members of the U.S. Department of Defense have the ability to terminate Gregory K. Harris' employment through the Attorney General of the United States, and through the Illinois Central District U.S. Attorney.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942)

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

### JOINT TORTFEASORS

22) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense are joint tort-feasors, and as joint tort-feasors are:

   a) liable for the actions of Gregory K. Harris; and

   b) liable for the actions of official and employees of the State of Illinois directed by Gregory K. Harris in furtherance of the conspiracy masterminded by James A. Baker III

*See* Woods v. Cole, 693 N.E. 2d 333 (Ill.1998).

### AUTHORIZED ASSAULT

23) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense authorized the tortious actions of Gregory K. Harris against Mr. Grant.

*See* Collier v. Wagner Castings Co., 408 N.E. 2d 198 (Ill. 1980).

*See* Jablonski v. Multack, 380 N.E. 2d 924 (Ill. App. Ct. 1978).

*See* Heskett v. Fisher Laundry & Cleaners Co., 230 S.W. 2d 28 (Ark. 1950).

## ASSAULT AND BATTERY

24) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for civil battery. The elements of civil battery are:

   a) the willful touching of another person;

   b) intended to cause an unpermitted act; and

   c) absence of victim's consent.

*See* Pechan v. Dynapro, Inc., 622 N.E. 2d 108 (Ill. App. Ct. 1993).

25) The Illinois Compiled Statutes defines battery as:

   a) A person commits battery of he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

   *See* 720 ILCS 5/12-3. Battery

26) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for assault. The elements of assault include:

   a) intentional, unlawful offer of corporal injury by force, or force unlawfully directed;

   b) to create a well-founded fear of imminent peril; and

   c) the apparent present ability to effectuate the attempt if not prevented.
   *See* Parrish v. Donahue, 443 N.E. 2d 786 (Ill. App. Ct. 1982).

27) The Illinois Compiled Statutes defines assault as:

   a) A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery.

   *See* 720 ILCS 5/12-1. Assault

28) Gregory K. Harris systematically directed private citizens to engage in assault and battery of Mr. Grant:

a)  Gregory K. Harris directed Mr. Grant's dentists to drill the enamel off Mr. Grant's teeth beginning in 1992;

b)  Gregory K. Harris directed Mr. Grant's optometrist to give Mr. Grant an incorrect prescription lens to diminish Mr. Grant's vision in 1995;

c)  Gregory K. Harris directed Mr. Grant's orthodontist to drill the enamel off Mr. Grant's teeth from 1998 to 2000;

d)  Gregory K. Harris directed Mr. Grant's chiropractor to break Mr. Grant's shoulder blade in 2012; and

e)  Illinois State Police Trooper Tyler Price extracted Mr. Grant's blood without a warrant, the needle penetrating Mr. Grant's body constitutes battery.

*See* Pechan v. Dynapro, Inc., 622 N.E. 2d 108 (Ill. App. Ct. 1993).

*See* Missouri v. McNeely, 569 U.S. 141 (2013).

## SEXUAL ASSAULT

29) Alan D. Brents and Larissa M. Young drugged and sexually assaulted Mr. Grant in 2003 at the direction of Gregory K. Harris.

30) Thomas W. Coats and Justin Cajindos drugged and sexually assaulted Mr. Grant in June of 2014 at the direction of Gregory K. Harris.

## INTIMIDATION - 720 ILCS 5/12-6(a)(1)

31) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for intimidation.

32) Mr. Grant was intimidated by the Six Members of the U.S. Department of Defense to stab Dr. Bill Grant in 2002 under threat if Mr. Grant did not comply, Six Known Members of the U.S. Department of Defense would send a Special Operations Soldier (Black OPs Soldier) to kill Dr. Bill. Grant.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation

*See* Adock v Brakegate, Ltd., 645 N.E. 2d. 888 (1994) - Civil Conspiracy

33) Gregory K. Harris undermined Mr. Grant's legal defense in 2003 for domestic battery as a result of Mr. Grant stabbing Dr. Bill Grant by colluding with Mr. Grant's lawyers (Rudolph M. Braud and Michael J. Drake).

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

*See* Adock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994) - Civil Conspiracy

34) Mr. Grant was intimidated to act as a homosexual for seven (7) years under threat of rape communicated by Gregory K. Harris and Six Known Members of the U.S. Department of Defense. Mr. Grant was intimidated (forced) to act as a homosexual from Decemer 9, 2008 until May of 2016.

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

*See* 720 ILCS 5/12-6(a)(1) - Intimidation

## DRIVING UNDER THE INFLUENCE (DUI) CHARGES

35) In 2009, Gregory K. Harris, Six Known Members of the U.S. Department of Defense, Illinois State Police Trooper Tyler Price "set-up" Mr. Grant for a Driving Under the Influence (DUI) charge to "strip" Mr. Grant of driver's license with the consent of Illinois Governor Patrick J. Quinn, and Acting-Director of the Illinois State Police, Jonathon Monken.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

36) In 2009, Illinois State Police Trooper Tyler Price "stopped" Mr. Grant for an alleged improper lane change:

   a) Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

   b) Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood; and

   c) Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II; and

*See* Self-Incrimination and Double Jeopardy - Illinois Const. Article I, Sec. X.

37) The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop at the direction of Gregory K. Harris.

38) Gregory K. Harris undermined Mr. Grant's legal defense by colluding with Mr. Grant's lawyers (Patrick T. Timoney and Sharp & Harmon):

    a) Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

    b) Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood;

    c) Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop; and

    d) The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop.

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II; and

*See* Self-Incrimination and Double Jeopardy - Illinois Const. Article I, Sec. X.

39) Patrick T. Timoney and Sharp & Harmon refused/failed to file a Motion to Dismiss Mr. Grant's DUI charges for a lack of evidence at the direction of Gregory K. Harris.

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

40) Mr. Grant has a cause of action against Illinois State Police Trooper Tyler Price for assault and battery for drawing Mr. Grant's blood without a warrant.

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* 720 ILCS 5/12-1. Assault.

*See* 720 ILCS 5/12-3. Battery.

*See* Missouri v. McNeely, 569 U.S. 141 (2013).

41) Mr. Grant was sober during his 2009 traffic stop with Illinois State Police Trooper Tyler Price.

42) Illinois State Police Trooper Tyler Price issued Mr. Grant the following traffic tickets from one 2009 traffic stop, and the Sangamon County State's Attorney's Office opened the following cases against Mr. Grant based on one 2009 traffic stop.

| Case No. | Judge | Ticket Number | File Date | Offense | Case Type | Status | Statute |
|----------|-------|---------------|-----------|---------|-----------|--------|---------|
|          |       |               |           |         |           |        |         |

| 10-DT-000030 | Madonia | 6248585 | 12/29/09 | DUI/BAC 0.08 | DUI | Disp. | None |
| 10-DT-001754 | Otwell | 6247601 | 11/30/09 | DUI | DUI | Disp. | 625 ILCS 5/11-501(a)(2) |
| 09-TR-047110 | N/A | 6247603 | 11/30/09 | Improper Turn at Intersection | DUI | Disp. | 625 ILCS 5/11-801 |
| 09-TR-047111 | N/A | 6247602 | 11/30/09 | Improper Traffic Lane Usage | DUI | Open | 625 ILCS 5/11-709(a) |
| 09-TR-047112 | N/A | 6247605 | 11/30/09 | Registration Light | DUI | Open | 625 ILCS 5/12-201(c) |
| 09-TR-047113 | N/A | 6247604 | 11/30/09 | Headlight Violation | DUI | Open | 625 ILCS 5/12-211(a) |

## ILLINOIS DEPARTMENT OF PUBLIC HEALTH INTERNSHIP

43) In 2009, Mr. Grant accepted an internship with the Illinois Department of Health (IDPH), during Mr. Grant's tenure at the IDPH, Mr. Grant's supervisors (Veronica Holloway and Doris Turner) habitually reported the words and actions of Mr. Grant to Gregory K. Harris.

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

## OFFICE OF THE ILLINOIS GOVERNOR INTERNSHIP

EXHIBIT #3

44) In 2010, Mr. Grant accepted an internship with the Office of the Illinois Governor.

45) In 2010, Ryan Croke, Illinois Governor Patrick J. Quinn's Deputy Chief of Staff, entered into a conspiracy with Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

46) At the direction of Gregory K. Harris, Ryan Croke recruited other officials and employees of the State of Illinois to report the words and actions of Mr. Grant to Ryan Croke and Gregory K. Harris.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

## OFFICE OF THE ILLINOIS LIEUTENANT GOVERNOR

EXHIBLT #4

47) In 2011, Mr. Grant accepted employment with the Office of the Illinois Lieutenant
Governor as a Policy Analyst. Mr. Grant was hired by Deirdre 'D.K.' Hirner.

48) Deirdre 'D.K.' Hirner entered into a conspiracy in 1992 with Six Known Members of the
U.S. Department of Defense to hire Mr. Grant in the future.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

49) In 2011, at the direction of Gregory K. Harris, D.K. Hirner slandered Mr. Grant
throughout the Illinois Capitol Complex labeling and leading others to believe Mr. Grant
was:

    a) a drug addict;

    b) a child molestor;

    c) an alcoholic;

    d) using illegal substances in the office; and

    e) incompetent.

## ILLINOIS DEPARTMENT OF TRANSPORTATION

50) In 2012, Mr. Grant accepted employment with the Illinois Department of Transportation
(IDOT). Mr. Grant was hired by the IDOT as a Staff Assistant (Technical Manager II).

51) Ann L. Schneider, Secretary of the IDOT, entered into an agreement with Six Known
Members of the U.S. Department of Defense in 1992 to hire Mr. Grant in the future.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

52) Mr. Grant's supervisors and co-workers at the IDOT entered into a conspiracy with
Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris, and
to "set-up" Mr. Grant for termination.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

53) In 2012, Mr. Grant was intimidated to file a civil rights complaint, or be physically accosted in the IDOT Hanley facility in Springfield, Illinois, and be accused of initiating a physical altercation.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation.

54) Furthermore, prior to Mr. Grant filing a civil rights complaint with the IDOT, Mr. Grant was threatened by his supervisor, Donald K█████████, that if he filed a civil rights complaint, Mr. Grant would be retaliated against in multiple capacities.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation.

*See* 5 ILCS 430/15-10 - Whistleblower Protection.

55) Mr. Grant was retaliated against by officials and employees of the State of Illinois for filing an ethics complaint with the Office of the Executive Inspector General (OEIG), and a civil rights complaint with the Illinois Department of Transportation in 2012.

*See* 5 ILCS 430/15-10 - Whistleblower Protection.

*See* Adcock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994).

56) Mr. Grant endured a hostile work environment, work products being sabotaged, a negative performance evaluation, slander, geographic relocation, being assigned job tasks below Mr. Grant's pay grade, multiple attempts to "set-up" Mr. Grant for drug possession, a rescinded promotion, and multiple attempts to "set-up" Mr. Grant for wrongful termination.

*See* Whistleblower Protection Act (5 ILCS 430/15-25).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

## OFFICE OF THE ILLINOIS █████████ GOVERNOR

EXHIBIT # 7
EXHIBIT # 8

57) In November of 2014, Mr. Grant was being laid-off by IDOT as part of a material reorganization. Mr. Grant accepted employment with the Office of the Illinois Governor.

58) Governor of Illinois in 2014, Patrick J. Quinn, consented to Ryan Croke, Patrick J. Quinn's Chief of Staff, not adding Mr. Grant to the Illinois Governor's Office payroll in

EXHIBIT # 5

2014 as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012.

*See* Whistleblower Protection Act (5 ILCS 430/15-25).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

59) Governor of Illinois in 2014, Patrick J. Quinn, consented to his Chief of Staff (Ryan Croke) and campaign Manager (Cheryl Byers) directing officials and employees of the Illinois Department of Employment Security to wrongfully deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012.

EVHIBIT
# 6

*See* Whistleblower Protection Act (5 ILCS 430/15-10).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

60) In 2015, Mr. Grant found himself BLACKLISTED by Patrick J. Quinn, Ryan Croke, Cheryl Byers, Gregory K. Harris, and Six Known Members of the U.S. Department of Defense.

### THOMAS W. COATS AGENT OF RYAN CROKE AND GREGORY K. HARRIS

61) Thomas W. Coats entered into a conspiracy with Ryan Croke and Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris and Ryan Croke beginning in 2010.

62) Thomas W. Coats slandered Mr. Grant to officials and employees of the State of Illinois claiming/leading others/implying to others Mr. Grant is:

   a) a drug addict;

   b) a child molestor;

   c) an alcoholic;

   d) using illegal substances in the office; and

   e) incompetent.

63) Thomas W. Coats vandalized Mr. Grant's automobile in 2013 in Chicago, Illinois at the direction of Gregory K. Harris.

64) Thomas W. Coats attempted to "set-up" Mr. Grant for drug possession, theft, wrongful termination, and sexual assault.

*See* Whistleblower Protection Act (5 ILCS 430/15-10).

*See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

65) Thomas W. Coats and Justin Cajindos sexually assaulted Mr. Grant in June of 2014 at the direction of Gregory K. Harris.

66) Thomas W. Coats and Michael Ziri (employee of the State of Illinois) attempted to "set-up" Mr. Grant for sexual assault of an Federal Bureau of Investigation employlee near the conclusion of 2014.

67) Thomas W. Coats took his instructions ("orders") from Ryan Croke and Gregory K. Harris.

## CONSPIRACY

68) Mr. Grant has a cause of actions against James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, Gregory K. Harris, Patrick J. Quinn, Ryan Croke, Tyler Price, and Thomas W. Coats for conspiracy. The elements of conspiracy are:

   a) a conspiracy;

   b) a purpose to deprive any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the law;

   c) an act by one of the the conspirators in furtherance of the conspiracy, and

   d) a personal injury, injury to property, or a deprivation of any right or privilege of a citizen of the United States.

*See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Griffin v Breckenridge, 403 U.S. 88 102-103 (1971).


## UNLAWFUL SEIZURE / UNLAWFUL DETAINMENT / UNLAWFUL IMPRISONMENT

69) Mr. Grant has a cause of action against the defendants, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for unlawful seizure, unlawful detainment, and unlawful imprisonment:

a) James A. Baker III, Frank Carlucci, and Caspar Weinberger unlawfully detained Mr. Grant at Air Force Systems Command for three weeks in July of 1990;

b) James A. Baker III and Six Known Members of the U.S. Department of Defense detained Mr. Grant in the basement of the Pentagon in Virginia from 1990 until 1992;

c) James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense detained Mr. Grant in Illinois from 1992 until the present under threat of military force;

d) James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris have detained Mr. Grant in Illinois for nearly thirty (30) years without legal authority

e) The detention of Mr. Grant has been without Mr. Grant's consent.
*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.
*See* Searches, Seizures, Privacy and Interceptions - Ill. Const. Article I, Sect. VI.
*See* Brower v County of Inyo, 489 U.S. 593 (1989).

## RETALIATORY DISCHARGE

70) Mr. Grant has a cause of action against defendants, Patrick J. Quinn, Ryan Croke, and the Office of the Illinois Governor for retaliatory discharge:

a) Patrick J. Quinn and Ryan Croke terminated (failure to add to payroll) Mr. Grant's employment with the State of Illinois as retaliation for Mr. Grant filing two complaints with the State of Illinois in 2012;

b) Patrick J. Quinn and Ryan Croke terminated (failed to add to payroll) Mr. Grant in 2014 in direct violation of the Illinois Whistleblower Protection Act (5 ILCS 430/15-25); and

c) the Illinois Whistleblower Protection Act is a clearly mandated public policy.
*See* Fellhauer v. City of Geneva, 142 Ill. 2d. 495 (1991).
*See* Kelsay v. Motorola, 74 Ill. 2d. (1978).

71) Patrick J. Quinn is liable (respondeat-superior) for Ryan Croke's failure to add Mr. Grant to the payroll of the Illinois Governor's Office in 2014 as retaliation for Mr. Grant filing a civil rights complaint and an ethics complaint with the State of Illinois in 2012.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942).

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

*See* Woods v. Cole, 693 N.E. 333(Ill. 1998).

72) Patrick J. Quinn is liable for Ryan Croke and Cheryl Byers directing officials and employees of the Illinois Department of Employment Security to deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942)

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

*See* Woods v. Cole, 693 N.E. 333 (Ill. 1998).

73) The Six Known Members of the U.S. Department of Defense directed Illinois Department of Employment Security Administrative Law Judge John Schellenberg to deny Mr. Grant Federal unemployment benefits to cause:

    a)  Mr. Grant financial hardship;

    b)  To leave Mr. Grant without income as Mr. Grant searched for employment in 2015; and

    c)  Mr. Grant to enter Federal court without financial resources requiring:

        1)  Mr. Grant to file his lawsuit as a poor person seeking leave to proceed in forma pauperis; and

        2)  Mr. Grant's lawsuit to receive additional scrutiny by a judge for screening of frivolity.

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

74) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for abuse of process. The Six Known Members of the U.S. Department of Defense have directed courts across the country to dismiss Mr. Grant's lawsuit.

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

75) The Six Known Members of the U.S. Department of Defense directed the Illinois Central
District to dismiss Mr. Grant's lawsuit in 2016:

    a)   to force Mr. Grant to walk from Springfield, Illinois to Washington, D.C. in
2017;

    b)   the Six Known Members of the U.S. Department of Defense attempted to
assassinate Mr. Grant in Maryland in 2017;

    c)   in an attempt to prevent the conspiracy against Mr. Grant from coming to light;
and

    d)   to save the defendants from paying damages to Mr. Grant.

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

76) The Six Known Members of the U.S. Department of Defense directed Federal courts
across the country to dismiss Mr. Grant's lawsuit to:

    a)   force Mr. Grant to refile his lawsuit in multiple Federal district courts;

    b)   force Mr. Grant to file suit in more than Forty (40) Federal courts;

    c)   shield the Six Known Members of the U.S. Department of Defense from being
sued for libel given the contents of Mr. Grant's multiple lawsuits contain details
of fraud and corruption within the Federal government, and court dockets are a
matter of public record.

*See* Nieman v. Versuslaw, 512 F. App. 'x 635 (7th Cir. 2013).

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

## WHISTLEBLOWER PROTECTION ACT (5 ILCS 430/15-25)

77) Mr. Grant's claim pursuant to the Whistleblower Protection Act (5 ILCS 430/15-25):

    a)   The State of Illinois took retaliatory action against Mr. Grant in response to Mr.
Grant filing an ethics complaint and a civil rights complaint with the State of
Illinois in 2012;

    b)   The retaliatory actions of the State of Illinois continued with Patrick J. Quinn and
Ryan Croke not adding Mr. Grant to the Illinois Governor's Office payroll in
2014;

   c) Ryan Croke and Cheryl Byers with the consent of Patrick J. Quinn directed officials and employees of the Illinois Department of Employment Security to deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing two complaints with the State of Illinois in 2012;

   d) In 2015, Mr. Grant found himself BLACKLISTED by officials and employees of the State of Illinois at the direction of Cheryl Byers, Ryan Croke, Patrick J. Quinn, Gregory K. Harris, and Six Known Members of the U.S. Department of Defense;

   e) Mr. Grant's Whistleblower Protection Act (5 ILCS 430/15-25) claim is not barred by the statute of limitations;

   f) Mr. Grant's state law claims were removed to Federal court in 2016, and while a case is pending in Federal court, the statute of limitations is tolled; and

   g) Mr. Grant's lawsuit has been pending in Federal court for four (4) years.

*See* Artis v District of Columbia, 135 A. 3d 334).

78) The City of Springfield (Illinois), Illinois Department of Transportation (IDOT), Office of the Illinois Governor, and State of Illinois have a history of engaging in conspiracies:

   a) Whitlow v. Martin, 719 F. Supp. 2d 983 (C.D. 2010);

   b) Tamayo v. Blagojevich, 526 F. 3d 1074, 1086 (7th Cir. 2008);

   c) Renatta Frazier v. Harris (City of Springfield);

   d) Tammy Duckworth, Illinois Department of Veterans Affairs

79) Six Known Members of the U.S. Department of Defense

   Caspar Weinberger, Secretary of Defense
   Frank Carlucci, Secretary of Defense
   James N. Mattis, Secretary of Defense
JOSEPH F. Dunford, Chairman of the Joint Chiefs of Staff
   John F. Kelly
   Mark Esper, Secretary of Defense
WILLIAM HOWARD TAFT IV, DEPUTY SECRETARY OF DEFENSE
80) Mr. Grant's Witnesses

   Michael J. Madigan
   Jesse White
   Emil Jones
   Barack H. Obama
   ILLINOIS STATE POLICE

81) Forty-one (41) Federal courts have not found Mr. Grant's allegations to be:

28 USC 1915(e)(2)(B)(i) - is frivolous or malicious;

28 USC 1915(e)(2)(B)(ii) - fails to state a claim on which relief may be granted; or

28 USC 1915(e)(2)(B)(iii) - seeks monetary relief against a defendant who is immune from such relief.

82) Mr. Grant seeks ██████████ in damages.

$99,000,000,000,000.00

109) DONALD HENRY RUMSFELD, SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE FROM 2001 UNTIL 2006, CONSENTED TO THE ACTIONS OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE UNDER THE GUISE OF A DOMESTIC SURVEILLANCE PROGRAM

3/15/2021

William Lee Grant II
901 Wythe Road
Springfield, Illinois 62702
(217)726-5269

110) DONALD HENRY RUMSFELD CONSENTED TO NOT BEING FULLY INFORMED OF THE PARAMETERS OF THE DOMESTIC SURVEILLANCE TO ██████ MAINTAIN "PLAUSIBLE DENIABILITY."

111) DONALD HENRY ████ RUMSFELD IS LIABLE FOR THE ACTIONS OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE ██████ FROM 2001 UNTIL 2006 UNDER RESPONDEAT SUPERIOR AND COMMAND RESPONSIBILITY.
SEE PAQUETE HABANA, 175 U.S. 677 (1900).
SEE IN RE YAMASHITA, 327 U.S. 1 (1946).

4/13/2021

83) RES JUDICATA IS NOT APPLICABLE:
   a) MR. GRANT'S LAWSUIT HAS NOT BEEN
      DECIDED ON THE MERITS;
      i) THE ILLINOIS CENTRAL DISTRICT CLERK OF COURT FAILED
         TO ENTER DEFAULT (FED. R. CIV. P. 55(a))
         ▂▂ IN 16-CV-3245, 17-CV-3261, AND 19-CV-
         3001 AT THE DIRECTION OF SIX KNOWN
         MEMBERS OF THE U.S. DEPARTMENT OF
         DEFENSE;
      ii) ▂▂ ILLINOIS CENTRAL DISTRICT JUDGES;
         COLIN S. BRUCE (16-CV-3245 AND 17-CV-
         3261) AND JOE BILLY MCDADE (19-CV-3001)
         DISMISSED MR. GRANT'S LAWSUIT AT THE
         DIRECTION OF SIX KNOWN MEMBERS OF
         THE U.S. DEPARTMENT OF DEFENSE;
      iii) ▂▂▂▂▂ SEVENTH JUDICIAL CIRCUIT
         OF ILLINOIS JUDGE BRIAN T. OTWELL (17-MR-
         754) DISMISSED MR. GRANT'S LAWSUIT ▂▂▂
         DIRECTION OF GRE▂▂▂▂ ▂▂▂▂▂;
      iv) EASTERN DISTRICT OF VIRGINIA JUDGES;
         CLAUDE M. HILTON (19-CV-1228) AND ROSSIE
         D. ▂▂▂▂ ALSTON JR. (20-CV-173)
         DISMISSED MR. GRANT'S LAWSUITS AT THE
         DIRECTION OF SIX KNOWN MEMBERS OF
         THE U.S. DEPARTMENT OF DEFENSE
   b) SECOND SUIT INVOLVING THEIR PARTIES OR PRIVIES;
      i) MR. GRANT BROUGHT SUIT AGAINST THE U.S.
         DEPARTMENT OF JUSTICE AND STATE OF ILLINOIS
         IN 16-CV-3245 AND 17-CV-3261;

ii) MR. GRANT BROUGHT SUIT AGAINST THE U.S. DEPARTMENT OF DEFENSE IN 19-CV-3001.

iii) MR. GRANT BROUGHT SUIT AGAINST THE CENTRAL INTELLIGENCE AGENCY AND SPECIAL COLLECTION SERVICE IN 19-CV-1228 AND 20-CV-173

c) BASED ON THE SAME CAUSE OF ACTION:

i) MR. GRANT HAS NOT PREVIOUSLY BROUGHT A CLAIM UNDER 18 USC 1595 - PEONAGE, SLAVERY, AND HUMAN TRAFFICKING;

ii) MR. GRANT HAS NOT PREVIOUSLY FILED STATE LAW CLAIMS AGAINST INDIVIDUALS; EXCEPT RICHARD ABEL KABIKER [WILL XX] 1/29/2021

SEE HAZEL-ATLAS GLASS CO. V HARTFORD-EMPIRE CO., 322 U.S. 238 (1944).

84) EASTERN DISTRICT OF VIRGINIA JUDGE ROSSIE D. ALSTON JR. (20-CV-173) DISMISSED MR. GRANT'S LAWSUIT IMPROPERLY INVOKING RES JUDICATA.

108) DONALD HENRY RUMSFELD, [Will lt] 1/21/2021 SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE FROM 2001 UNTIL 2006, CONSENTED TO THE ACTIONS OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE UNDER THE GUISE OF A DOMESTIC SURVEILLANCE PROGRAM.

109) OPERATION: HOMETOWN GLORY IS A U.S. DEPARTMENT OF DEFENSE DOMESTIC BLACK SURVEILLANCE OPERATION (PROGRAM) RUN (OPERATED) UNDER THE BANNER OF THE U.S. DEPART- MENT OF JUSTICE.

(24)

 William Howard Taft IV was the Deputy Secretary of the U.S. Department of Defense when James A. Baker III (President Ronald Reagan's White House Chief of Staff) and Caspar Weinberger began (circa 1985) siphoning funds from the Strategic Defense Initiative to genetically-engineer Mr. Grant.

 Upon the resignation of Caspar Weinberger as Secretary of the U.S. Department of Defense, Frank Carlucci became involved in James A. Baker III and Caspar Weinbgerger's endeavor to siphon funds from the Strategic Defense Initiative. Upon the conclusion of the administration of President Ronald Reagan, James A. Baker III, Casper Weinberger, and Frank Carlucci failed to disclose to Secretary of Defense Dick Cheney that the previous administration had been engaged in genetic engineering.

 When Mr. Grant was born in July of 1990, James A. Baker III, Caspar Weinberger, and Frank Carlucci recruited William Howard Taft IV for assistance in further acquiring U.S. Department of Defense resources for their evil enterprise.

 William Howard Taft IV facilitated the transfer of Mr. Grant from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia in 1990.

 James A. Baker III, Caspar Weinberger, and Frank Carlucci acted through William Howard Taft IV; James A. Baker III was the Secretary of the U.S. Department of State; Caspar Weinberger and Frank Carlucci were both retired Secretaries of the U.S. Department of Defense; and James A. Baker III, Caspar Weinberger, and Frank Carlucci had no operational authority over the U.S. Department of Defense.

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

 James N. Mattis, Joseph F. Dunford Jr. John F. Kelly, Mark T. Esper, Gregory K. Harris, and Joint Special Operations Command (JSOC) took their official orders from William Howard Taft IV, Deputy Secretary of the U.S. Department of Defense.

 William Howard Taft IV petitioned President George H. W. Bush to be appointed the United States Permanent Representative to the North Atlantic Treaty Organization (NATO) in 1990, while still serving as Deputy Secretary of the U.S. Department of Defense until the conclusion of President George H. W. Bush's administration in 1993.

 William Howard Taft IV was "offshored." William Howard Taft IV remained as Deputy Secretary of Defense, but was on the Federal payroll as the U.S. Permanent Representative to NATO. William Howard aTaft IV continued to work at the Pentagon in Alexandria, Virginia until the conclusion of President George H.W. Bush's administration.

 William Howard Taft IV had the paperwork for his resignation backdated to make it appear William Howar Taft IV resigned from the U.S. Department of Defense prior to Mr. Grant being transferred from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia in 1990.

 William Howard Taft IV was complicit in engineering Mr. Grant's life to give cause for Mr. Grant to appear in Federal court, and cooperated in obtaining the assistance of officials and employees in the state of Illinois to conspire against Mr. Grant beginning in 1992.

 William H⬛⬛ Taft IV assembled with James N. Mattis, Joseph F. Dunford Jr., and Mark T. Esper to assassinate Mr. Grant in Maryland in 2017 as Mr. Grant walked from Springfield, Illinois to Washington, D.C. as a condition set by the Six Known Members of the U.S. Department of Defense for Mr. Grant to continue his lawsuit.

 COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY





96) The Six Known Members of the U.S. Department of Defense set the condition that Mr. Grant must walk from Springfield, Illinois to Washington, D.C. after his Federal lawsuit was dismissed in 2016 as a pretence to have Mr. Grant leave Springfield, Illinois, and appear isolated on the road to Washington, D.C.

97) The Six Known Members of the U.S. Department of Defense planned and attempted to assassinate Mr. Grant in 2017 to conceal their multi-decade unconstitutional and racially motivated conspiracy against Mr. Grant.

*Well ls* 3/25/2021

98) DONALD JOHN TRUMP, PRESIDENT OF THE UNITED STATES FROM 2017 UNTIL 2021, CONSENTED TO SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE DIRECTING ILLINOIS CENTRAL DISTRICT JUDGES: COLIN S. BRUCE (17-CV-3261) AND JOE BILLY McDADE (19-CV-3001) DISTRICT OF VIRGINIA JUDGES: CLAUDE M. HILTON (19-CV-1228) AND ROSSIE D. ALSTON JR. (20-CV-173) TO DISMISS MR. GRANT'S LAWSUIT. EXHIBIT #9 EXHIBIT #10

99) DONALD JOHN TRUMP CONSENTED TO THE SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE'S CONTINUED UNLAWFUL DETAINMENT OF MR. GRANT AFTER 2017.

100) DONALD JOHN TRUMP IS NOT SHIELDED BY ABSOLUTE IMMUNITY. THE PRESIDENT DOES NOT HAVE THE AUTHORITY TO UNLAWFULLY DETAIN A U.S. CITIZEN FOR YEARS, NOR THE AUTHORITY TO INTERFERE WITH THE JUDICIARY. SEE NIXON v FITZGERALD, 457 U.S. 731 (1982).

*Well ls* 4/9/2021

(27)

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY



Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris for fraud.



The elements of fraud are:

1) A material misrepresentation of a fact:

    a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense informed Mr. Grant in the basement of the Pentagon in 1990 that if Mr. Grant survived the Evil Enterprise (OPERATION: HOMETOWN GLORY) engineered by the aforementioned men to give cause for Mr. Grant to appear in Federal court, the Six Known Members of the U.S. Department of Defense would allow Mr. Grant to go on with the remainder his life;

2) Knowledge of its falsity:

    a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense had no intention of allowing Mr. Grant to go on with the remainder of his life after filing suit in Federal court;

    b) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense engineered Mr. Grant's life hoping Mr. Grant would commit suicide prior to reaching Federal court in 2016;

    c) In 1990, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense:

        1) planned to have Mr. Grant appear in Federal court as an indigent individual;

        2) planned to have Mr. Grant's lawsuit (16-cv-3245) dismissed;

        3) informed Mr. Grant the only way for his lawsuit to continue was for Mr. Grant to walk from Springfield, Illinois to Washington, D.C. in 2017;

        4) plotted to assassinate Mr. Grant in Maryland in 2017 while Mr. Grant was trekking to Washington, D.C.

3) An intent to induce reliance:

    a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense required Mr. Grant to work with Joint Special Operations Command (JSOC) in the basement of the Pentagon from 1990 to 1992 to review the parameters of Mr. Grant's life:

        1) Mr. Grant was to be beaten;

        2) endure psychological warfare;



3) stab Dr. Bill Grant to prevent the Six Known Members of the U.S. Department of Defense from killing Dr. Bill Grant;

4) act as a homosexual for seven (7) years;

5) graduate from high school;

6) graduate from college;

7) obtain employment with the State of Illinois;

8) be retaliated against by officials and employees of the State of Illinois to give cause for the Attorney General of Illinois to appear in Federal court;

9) Mr. Grant was to walk from Springfield, Illinois to Washington, D.C. in 2017 as a condition of Mr. Grant's lawsuit coming to fruition after Mr. Grant's lawsuit was dismissed in 2016 by the Illinois Central District;

b) Gregory K. Harris repeatedly told Mr. Grant from 1992 until 2015, that Mr. Grant would be allowed to live out the remainder of his life, after he had filed suit in 2016;

c) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense gave Mr. Grant their word in the basement of the Pentagon from 1990 until 1992 that if Mr. Grant made it to Federal court, the Six Known Members of the U.S. Department of Defense would allow Mr. Grant to live out his life.

4) Justifiable Reliance by the Plaintiff:

a) Mr. Grant was four (4) years old when Mr. Grant was detained in the basement of the Pentagon for two and a half years;

b) Mr. Grant was "dropped-off (trafficked)" in Springfield, Illinois in 1992 to be:

1) beaten;

2) endure psychological warfare;

3) the U.S. Department of Defense's witness to the 9/11 Terrorist Attacks;

c) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense directed the following in 1992 to not aid Mr. Grant:

1) Federal Bureau of Investigation - Illinois Central District

2) U.S. Attorney's Office - Illinois Central District

3) Springfield Police Department;

4) Sangamon County Sheriff's Office;

5) Sangamon County State's Attorney's Office;

6) Seventh Judicial Circuit Judges; and

7) Illinois Central District Judges;



d) Mr. Grant took James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense at their word that Mr. Grant would be allowed to live his life his lawsuit was completed;

5) Damages:

a) Mr. Grant has been unlawfully detained by Six Known Members of the U.S. Department of Defense for thirty (30) years;

b) Mr. Grant has had his U.S. Constitutional rights violated for thirty (30) years;

c) Mr. Grant has been assaulted;

d) Mr. Grant was intimidated to act as a homosexual for seven (7) years;

e) Mr. Grant has endured the most egregious retaliation campaign in response to filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012;

f) Mr. Grant has been left indigent by the actions of James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris;

g) The Six Known Members of the U.S. Department of Defense have blocked Mr. Grant's access to judicial remedy by direction Illinois Central District Judges Colin S. Bruce (16-cv-3245 and 17-cv-3261) and Joe Billy McDade (19-cv-3001) and Eastern District of Virginia Judges Claude M. Hilton (19-cv-1228) and Rossie D. Alston Jr. (20-cv-173) to dismiss Mr. Grant's lawsuit;

h) Gregory K. Harris directed Seventh Judicial Circuit of Illinois Judge Brian T. Otwell (17-MR-754) to dismiss Mr. Grant's lawsuit;

i) Mr. Grant's requested damages in the amount of $99 Trillion in 19-cv-3001, 19-cv-1228, and 20-cv-173

*See* Eurycleia Partners, LP v. Seward & Kissel, LLp, 12 N.Y. 3d 553, 559 (2009).

*See* Menaco v. New York Univ. Med. Ctr., 213 A.D. 2d 167 (1st Dept. 1995).

*See* Gregor v. Rossi, 120 A.D.3d 447 (1st Dept. 2014).

Donald J. Trump is liable for the actions of Six Known Members of the U.S. Department of Defense under respondeat superior and joint tortfeasor liability.

*See* Pinkerton v. United States, 328 U.S. 640 (1946).

*See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

*See* Woods v. Cole, 693 N.E. 2d 333 (Ill. 1998)

SEE SCHEUER v RHODES, 416 U.S. 232 (1974)    Well B  3/6/2021
SEE WOOD v STRICKLAND, 420 U.S. 308
(1975).        (30)

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

104) DONALD JOHN TRUMP, AS PRESIDENT OF THE UNITED STATES FROM 2017 UNTIL 2021 VIOLATED MR. GRANT'S U.S. CONSTITUTIONAL RIGHT TO DUE PROCESS BY CONSENTING TO THE SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE CONTINUING TO UNLAWFULLY DETAIN MR. GRANT IN ILLINOIS.

105) DONALD J. TRUMP, AS PRESIDENT OF THE UNITED STATES FROM 2017 UNTIL 2021, ACTED OUTSIDE THE SCOPE OF HIS AUTHORITY (DUTIES) CONSENTING TO THE SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE DIRECTING ("THREATENING") FEDERAL JUDGES TO DISMISS MR. GRANT'S LAWSUIT.

106) DONALD JOHN TRUMPS ACTIONS ▮ WERE OUTSIDE THE SCOPE OF HIS AUTHORITY (DUTIES) AS PRESIDENT OF THE UNITED STATES, AND A DIRECT VIOLATION OF THE U.S. CONSTITUTION. THUS, DONALD JOHN TRUMP IS NOT ▮▮▮ SHIELDED BY ABSOLUTE IMMUNITY.
SEE WOOD v STRICKLAND, 420 U.S. 308 (1975).
SEE MARBURY v MADISON, 5 U.S. 137 (1803).
SEE KENDALL v UNITED STATES ex rel. STOKES, 37 U.S. 524 (1838).
SEE HARLOW v FITZGERALD, 457 U.S. 800 (1982).
SEE BUTZ v ECONOMOU, 438 U.S. 478 (1978).

107) DONALD JOHN TRUMP, WILLIAM PELHAM BARR, JAMES A. BAKER III, AND SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE DETAINED MR. GRANT ▮▮▮ WITHOUT LEGAL AUTHORITY. ▮▮▮

WGrant 4/9/2021

31