IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, | CV-21-37-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| DONALD H. RUMSFELD, | |
| Defendant. | |

Plaintiff William Lee Grant, II ("Grant"), appearing pro se, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2). The Court granted the Motion to Proceed in Forma Paueris on June 2, 2021. (Doc. 4).

The Complaint alleges that from 2001-2006, then-Secretary of Defense Donald H. Rumsfeld "consented to the actions of six known members of the U.S. Department of Defense" who undertook an alleged conspiracy to: unlawfully detain Grant; sexually assault Grant; frame Grant for driving under the influence; force Grant into peonage; unlawfully discharge Grant from employment; and ultimately attempted to assassinate Grant. (Doc. 2). He alleges that these acts violate his constitutional rights and a variety of statutes. (Doc. 2). Grant has also filed Proposed Summonses for Rumsfeld and a number of other current and former federal officials. (Doc. 7). The Complaint shall be dismissed as frivolous. The

remaining motions will be denied.

Because Grant is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also, *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). In view of the required liberal construction, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F. 3d 494, 497 (9th Cir. 1995)).

Grant's pleading proves subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as it is frivolous, and does not present plausible, legitimate, or viable grounds for relief. Grant alleges a variety of wrongs perpetrated by a wide array of current and former federal officials. (Doc. 2). He also notes that other courts have previously denied his claims with regard to those officials. (Doc. 2). The Court will similarly deny his claims.

Courts retain discretion in determining whether a pleading proves "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984); see also *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The

2

term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, a court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, a court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32–33 (citing *Neitzke*, 490 U.S. at 325, 327-8). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *see also In re Thomas*, 508 F. 3d 1225, 1227 (9th Cir. 2007) (holding a court may dismiss an IFP case "as frivolous before service of process when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind'" (citations omitted)).

The basis for Grant's complaint is difficult to decipher and his exhibits do not lend support to his claims. As explained above, Grant alleges an elaborate conspiracy spanning decades. He alleges, for example, that yet another former Secretary of Defense, William Howard Taft IV, "was complicit in engineering Mr. Grant's life." (Doc. 2 at 27). Grant's allegations are facially irrational and wholly incredible. They fall within the class of "clearly baseless" claims that a district

court may dismiss as factually frivolous. See, *Denton*, 504 U.S. at 32-33; see also 28 U.S.C. §1915A(b)(1).

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). But here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because the claims are inherently frivolous. *See Lopez v. Smith*, 203 F. 3d 1122, 1127 n. 8 (9th Cir. 2000) (en banc). The complaint should be dismissed.

## ORDER

Grant's Complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2). The Clerk of Court is directed to enter judgment of dismissal.

DATED this 19th day of July, 2021.

_____
Brian Morris, Chief District Judge
United States District Court